## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| RODNEY LORENZO ALEXANDER, | : |
| Petitioner, | : |
| | : CIVIL ACTION NO. 22-0249-KD-MU |
| vs. | : |
| | : CRIMINAL NO. 18-00350-KD |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

Petitioner Rodney Lorenzo Alexander has filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. (Doc. 42). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Following consideration of all relevant pleadings in this case, it is recommended that Alexander's § 2255 motion be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1).

## FACTUAL BACKGROUND

On February 19, 2019, Alexander entered a counseled guilty plea to both counts of the indictment, the first count charging possession of a firearm (on July 6, 2017) by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and the second count charging possession of ammunition (on November 13, 2017) by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 45). Because the guilty plea was made before a United States Magistrate Judge (*see id.,* PageID.159-60), by consent of the parties (*id., see also* Doc. 17), the Magistrate Judge entered a Report and Recommendation on February 19, 2019, recommending "that the plea of guilty be accepted and that the Defendant,

RODNEY LORENZO ALEXANDER, be adjudged guilty and have sentence imposed accordingly." (Doc. 19). Receiving no objections to the Report and Recommendation, United States District Judge Kristi K. DuBose entered an Order on March 8, 2019, accepting Alexander's guilty plea, adjudging him guilty of both counts of the Indictment, and setting his sentencing for May 24, 2019. (Doc. 20). His sentencing was later reset by the Court for June 7, 2019. (Doc. 23).

On June 7, 2019, Alexander was sentenced to a total term of imprisonment of 151 months, 120 months as to Count I and a consecutive term of 31 months as to Count II (Doc. 31, PageID.103), with judgment entered against him on June 28, 2019 (Doc. 44, PageID.157). Alexander filed no direct appeal. (S*ee* Docket Sheet). Instead, on June 7, 2019, the day he was sentenced, he executed and filed a notice of non-appeal. (*See* Doc. 30, PageID.101 ("I have been advised by the Court, and by my attorney, of my right to appeal my conviction and sentence. I have consulted with my attorney, who has explained the advantages and disadvantages of taking an appeal. I have had sufficient time to consider my options, and I require no further explanation of same. After consideration, it is my desire to inform the Court that I do not wish to take an appeal.")).

In 2021, Alexander began contacting the Court requesting a copy of the docket sheet (*see* Docs. 32-33) and, thereafter, filed two separate but identical motions to receive jail credit (Docs. 35 & 37). Because the motions were identical, Document 35 became the operative pleading, and it was dismissed by the Court without prejudice on May 4, 2021. (Doc. 36). On June 14, 2021, Alexander again wrote the Clerk of Court asking for a copy of the docket sheet. (Doc. 39).

A year later, Alexander filed an unsigned motion to vacate in this Court. (Doc. 40). The motion to vacate contained a date stamp near the blank signature line of March 1, 2022, and a postmarked envelope date of June 14, 2022. (*Id.*). The motion to vacate, however, was not on this Court's form, and Alexander was instructed, by order dated June 27, 2022, to complete and file this Court's form for a motion under 28 U.S.C. § 2255. (Doc. 41). Alexander was informed that his "new" motion filed on this Court's form would be the operative pleading in this case. *See id.* Alexander complied, filing a motion on the Court's § 2255 form on July 28, 2022. (Doc. 42). Accordingly, the amended motion relates back to the date of the filing of the initial motion on June 14, 2022. *Mederos v. United States,* 218 F.3d 1252, 1254 (11th Cir. 2000). In his amended motion, Alexander raises the sole claim that his trial attorney was constitutionally ineffective in "failing to object to the stolen firearm enhancement" and makes no statement regarding timeliness of his motion to vacate. (Doc. 42).

## CONCLUSIONS OF LAW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996, and pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied,* 531 U.S. 971 (2000).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Alexander has made no showing (nor offered any argument) that subsections (2), (3), and (4) of § 2255(f) apply to his case; therefore, the timeliness of his motion to vacate must be calculated under § 2255(f)(1) based upon the date on which his judgment of conviction became final. In this case, Alexander did not file a direct appeal and, therefore, his conviction became final fourteen (14) days after this Court entered its June 28, 2019 written judgment (Doc. 31), that is, on July 12, 2019, the date on which the time for filing a notice of appeal with this Court expired. Fed. R. App. P. 4(b)(1)(A)(i); *see Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) ("[W]here a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal."). Therefore, Alexander's one-year limitations period for filing his § 2255 motion began running on July 12, 2019 and expired on July 12, 2020. Alexander's present motion to vacate was filed on June 14, 2022, almost two years after his one-year limitations period expired. Even if the Court were to consider Alexander's motion as being filed on March 1, 2022, as date stamped near the signature line of his unsigned original motion, his motion to vacate would still be untimely by over 19 months. Accordingly, the only avenue by which this Court can consider the merits of the claim raised in Alexander's motion to vacate is by finding that he is entitled to equitable tolling of AEDPA's one-year

limitations period, or, otherwise, by finding that he has established his actual, factual innocence of the crimes to which he entered a counseled guilty plea.

Here, Alexander makes no argument in his motion to vacate that he is entitled to equitable tolling of the limitations period, nor did Alexander assert such an argument in response to the Government's request that his motion be dismissed as time-barred, though he was given the opportunity by the Court's August 1, 2022 Order.  (Doc. 43). Furthermore, Alexander's pleadings are void of any new evidence establishing or suggesting that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations.").  Based upon the foregoing, the undersigned recommends that Alexander's § 2255 motion be dismissed as time-barred.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).  Where, as here, a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of an underlying constitutional claim, "a

5

COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Given the applicability of the one-year limitations period in this case, a reasonable jurist could not conclude that this Court is in error for summarily dismissing Alexander's motion to vacate, nor could a reasonable jurist conclude that petitioner should be allowed to proceed further with respect to his claim. *Slack, supra,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, Alexander is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing

6

for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## CONCLUSION

For the reasons stated herein, the undersigned Magistrate Judge recommends that Petitioner Rodney Lorenzo Alexander's motion to vacate (Doc. 42) be **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2255(f)(1). Alexander is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **21st** day of **November, 2022**.

                                              s/P. BRADLEY MURRAY
                                              **UNITED STATES MAGISTRATE JUDGE**