IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal Action No. 18-00350-KD-MU |
| ) | |
| RODNEY LORENZO ALEXANDER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on Defendant Rodney Lorenzo Alexander's Motion for Compassionate Release/Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 58). Upon consideration, and for the reasons set forth herein, the motion is denied.

I.   Background

In 2019, Alexander pled guilty to the offenses of possession of a firearm by a prohibited person (felon) and possession of ammunition by a prohibited person (felon). He was sentenced to total term of imprisonment of:

> 120 months as to Count One and 31 months as to Count Two; said terms to run consecutively, but concurrently (starting June 7, 2019) with the custody sentences in CC15-5417, CC15-5418, CC15-5419, and the related state charges in CC18-4296, CC18-4297, CC18-4298, CC18-4299; and that the state facility be designated as the facility where he will serve his sentence.

(Doc. 31).

At present, Alexander is 35 years old. He is incarcerated at USP Victorville, a high security federal prison in Victorville, California. His release date is February 19, 2030.

II.   Procedural requirements

Pursuant to 18 U.S.C. § 3582(c)(1)(A), defendants must either exhaust their administrative rights to appeal the Bureau of Prison's failure to bring a motion on their behalf or

allow 30 days to lapse from the Warden's receipt of defendant's request for such relief. Alexander states that "[a]s the movant, a criminal defendant is not required to separately exhaust his administrative remedies to the disparity issue" (doc. 58, p. 2). Thus, he admits that he has not met this statutory prerequisite.

The Court of Appeals for the Eleventh Circuit has "concluded that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, but instead is a 'claim processing rule' that requires us to look at whether the government argued that a given defendant has forfeited the right to seek compassionate release by failing to exhaust administrative remedies." United States v. Kravatz, 2025 WL 868277, at *2 (11th Cir. Mar. 19, 2025) (citing United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021)). However, in lieu of dismissal without prejudice for failing to comply with this claim processing rule, or requesting a response from the United States, the Court will address his motion.

III. Analysis

"A district court has no inherent authority to modify a defendant's sentence; it may do so 'only when authorized by a statute or rule.'" United States v. Ratliff, No. 24-10752, 2024 WL 4371658, at *3 (11th Cir. Oct. 2, 2024) (quoting United States v. Puentes, 803 F.3d 597, 605–06 (11th Cir. 2015). Title 18 U.S.C. § 3582(c)(1)(A)[1] "authorizes a district court to reduce a term of imprisonment when three requirements are satisfied: (1) there are 'extraordinary and compelling reasons' for granting a sentence reduction; (2) 'the § 3553(a) sentencing factors favor' a reduction; and (3) awarding a sentence reduction 'wouldn't endanger any person or the

---

[1] Not relevant in this action, the statute also provides for a reduction of sentence for defendants who are at least 70 years old and have served at least 30 years in prison "pursuant to a sentence imposed under section 3559(c)" and certain other conditions are met. 18 U.S.C. § 3582(c)(1)(A)(ii).

2

community'." Id. (quoting United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021). Also, the statute requires that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission" 18 U.S.C. § 3582(c)(1)(A). "If the district court finds that a movant failed to satisfy even one of these requirements, it cannot grant relief and need not analyze the remaining requirements." Ratliff, 2024 WL 4372658 at *3 (citing United States v. Giron, 15 F.4th 1343, 1347–48 (11th Cir. 2021).

Alexander argues that his release from prison would be consistent with Section (b)(6) of the Policy Statement. U.S.S.G. § 1B1.13. He argues that the Court erred in applying three sentencing enhancements to his sentencing guidelines calculation, because these enhancements were based upon improper fact-finding by the Court, instead of the jury, which increased his minimum sentence. He relies upon Alleyne v. United States, 570 U.S. 99 (2013) and Apprendi v. New Jersey, 530 U.S. 466 (2000), to argue that there is a gross disparity "between the sentence being served and the likely sentence that would be imposed today" (doc. 58, p. 3).

Section (b) provides that "Extraordinary and compelling reasons [for a reduction of sentence] exist under any of the following circumstances or a combination thereof:

> (6) Unusually Long Sentence. If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13.

Setting aside any argument whether Alexander received an "unusually long sentence" or that his individualized circumstances could merit a reduction in sentence, he admits that he has

3

not served at least 10 years of his term of imprisonment. Also, he does not rely on a change in the law that occurred after he was sentenced. <u>Apprendi</u> and <u>Alleyne</u> were both decided before he was sentenced. Thus, Alexander has not established an extraordinary and compelling reason for a reduction of sentence that is consistent with the Policy Statement U.S.S.G. § 1B1.13.

IV. <u>Conclusion</u>

For the reasons set forth herein, Alexander's motion is denied for failure to show an extraordinary and compelling reason for a reduction of sentence. The Court need not address the remaining two requirements: That the relevant sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of a reduced sentence or that Alexander's release would not result in a danger to any person or the public. <u>See</u> <u>Giron</u>, 15 F. 4th at 1347.

DONE and ORDERED this 25th day of March 2025.

<u>s / Kristi K. DuBose</u>
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE